UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:21-CR-30-1FL(3)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **INDICTMENT** |
| ) | |
| DAVID LEON AUTRY III ) | |

The Grand Jury charges that:

## Count One

On or about December 31, 2019, in the Eastern District of North Carolina, the defendant, DAVID LEON AUTRY III, did knowingly employ, use, persuade, induce, entice, and coerce Victim #1, a minor, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. These visual depictions were transported and transmitted using any means and facility of interstate and foreign commerce; all in violation of Title 18, United States Code, Sections 2251(a) and (e).

## Count Two

On or about January 3, 2020, in the Eastern District of North Carolina, the defendant, DAVID LEON AUTRY III, did knowingly employ, use, persuade, induce, entice, and coerce Victim #2 and Victim #3, minors, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. These visual

depictions were transported and transmitted using any means and facility of interstate and foreign commerce; all in violation of Title 18, United States Code, Sections 2251(a) and (e).

## Counts Three Through Nine

Beginning at a time unknown but no later than November 20, 2019 and ending on or about February 17, 2020, in the Eastern District of North Carolina, DAVID LEON AUTRY III, the defendant herein, did knowingly receive the following visual depictions, that is, digital images in files that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by electronic device:

| Count   | Date       | File Name                                  |
|---------|------------|--------------------------------------------|
| Count 3 | 11/20/2019 | VID_20180815_063837.mp4                    |
| Count 4 | 2/10/2020  | 795a2dca-9602-49db-956e-2dc5afa83340.mp4   |
| Count 5 | 2/11/2020  | Screenshot_20200211-021643_Kik.jpg         |
| Count 6 | 2/12/2020  | 0f974081-543d-4269-890d-e0e53b811d8e.mp4   |
| Count 7 | 2/15/2020  | 3580a3bf-2ee3-48ca-88bf-1db58a98c780.jpg   |
| Count 8 | 2/16/2020  | 37926efa-b367-443f-983e-d31dd66315a5.mp4   |
| Count 9 | 2/17/2020  | 67fc73f0-f90c-4c6e-88a8-c327b86a5883.mp4   |

The productions of the foregoing visual depictions involved the use of a minor engaging in sexually explicit conduct and were depictions of such conduct. Each entry in the above table constituting a separate violation of Title 18, United States Code, Section 2252A(a)(2).

## Count Ten

On or about March 18, 2020, in the Eastern District of North Carolina, DAVID LEON AUTRY III, the defendant herein, did knowingly possess one or more matters, that is, computer hard drives and computer media containing digital and computer images and videos, the production of which involved the use of one or more minors, including minors who had not attained 12 years of age, engaging in sexually explicit conduct, and which images visually depicted such conduct. The images and videos had been mailed, shipped and transported in interstate and foreign commerce and by use of means and facilities of interstate commerce, i.e., the Internet, and were produced using materials which had been mailed, shipped, or transported in interstate and foreign commerce, by any means including by computer, all in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

[Remainder of page intentionally left blank]

## FORFEITURE NOTICE

Upon conviction of one or more of the offenses set forth in Counts One through Ten above, DAVID LEON AUTRY III, the defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 2253(a):

1. any visual depiction or book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of the offense(s);

2. any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense(s); and

3. any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.

The forfeitable property includes, but is not limited to a Samsung mobile device, model: SM-S367VL, IMEI: 352069101907441.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

A TRUE BILL
**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

FOREPERSON

DATE: 1/22/2021

ROBERT J. HIGDON, JR.
United States Attorney

By: /s/ Jake D. Pugh
JAKE D. PUGH
Assistant United States Attorney
Criminal Division